**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHILLON R. SINGH and KERN LERDO NUTS, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> HANCOCK NATURAL RESOURCES GROUP, INC.; DANIELLE HARRIS; GOOSE POND AG, INC. DOES 1-50, <br><br> Defendants. | Case No. 1:15-CV-01435-LJO-JLT <br><br><br> MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS TO DISMISS. <br><br><br> (Docs. 8,13) |

Plaintiffs Dhillon R. Singh ("Singh") and Kern Lerdo Nuts, Inc. ("Lerdo") (collectively, "Plaintiffs") brought this action against Defendants Hancock Natural Resources Group, Inc. ("HNRG"), Danielle Harris ("Harris") (collectively, "HNRG Defendants"), Goose Pond AG, Inc. ("Goose Pond"), and Does 1-50, inclusive (collectively, "Defendants"). Doc. 1. The action seeks to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 to adjudicate various state law claims arising from negotiations surrounding a potential real estate purchase that occurred from May to August of 2015. *Id.* The HNRG Defendants and Goose Pond have both moved to dismiss

Plaintiffs' Complaint. Docs. 8, 13. As Plaintiffs failed to file timely responses to either Motion (*see* Doc. 18), the Court has determined that the matters are appropriate for resolution without oral argument. *See* Local Rule 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, the Court GRANTS Defendants' Motions and DISMISSES the Complaint.

## BACKGROUND

### I. Factual Allegations

The following factual allegations are drawn from the Complaint ("Compl"). Doc. 1.

Lerdo is a Delaware corporation doing business in the County of Kern. Compl. ¶ 2. Singh is the Director and President of Lerdo. *Id.*

Goose Pond is a Florida corporation and the owner of certain property in Kern County which includes an almond farm ("the Ranch"). *Id.* ¶¶ 2,4-5.

HNRG, described in the Complaint as a Massachusetts corporation, was listed as the point of contact in a brochure advertising sale of the Ranch. *Id.* ¶ 6-7. Harris is an employee of HNRG. *Id.* ¶7.

On or around May 20, 2015, Plaintiffs began to take steps towards purchasing the Ranch. *Id.* ¶5. Plaintiffs made an offer, which was initially accepted, but the deal eventually fell apart during further negotiations. *Id*. ¶¶ 7-39. Plaintiffs were "completely perplexed and caught off guard" as a result. *Id.* ¶ 31.

### II. Procedural Background

Plaintiffs filed the original complaint with this Court on September 22, 2015. Doc. 1. The complaint contains the following causes of action against all Defendants: (1) breach of contract; (2) an action to quiet title; (3) fraud in the inducement; (4) conspiracy to commit fraud; (5) breach of the implied covenant of good faith and fair dealing; (6) unfair and deceptive business act practices; (7) a request for declaratory relief; and (8) a request for injunctive relief. *Id.*, at 7-17. Plaintiffs assert that the Court has diversity jurisdiction, under 28 U.S.C. § 1332, because Singh is a resident of California, Lerdo is incorporated in Delaware, Goose Pond is a Florida corporation, HNRG is a Massachusetts corporation, and because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. *Id.*, at 2.

The HNRG Defendants filed a Motion to Dismiss on January 5, 2016, and Goose Pond filed a separate Motion to Dismiss on January 29, 2016. Docs. 8, 13. Both Motions seek dismissal of the Complaint for lack of subject matter jurisdiction. *Id*. The Motions are unopposed, (Doc. 18; *see also* Local Rule 230(c)), and the matter is now ripe for review.

## LEGAL STANDARD

Federal courts are "courts of limited jurisdiction." *Gunn v. Minton*, ___ U.S. ___, 133 S.Ct. 1059, 1064 (2013). They possess only the power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). Relevant here, Article III, Section 2 of the Constitution authorizes jurisdiction for district courts to hear suits between citizens of different states. The requirements for diversity jurisdiction are set forth in 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state."

"To invoke a federal court's subject matter jurisdiction, a plaintiff needs to provide only a 'short and plain statement of the grounds for the court's jurisdiction,'" as required by Rule 8(a)(1), and "must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A party may raise a challenge to the court's exercise of jurisdiction over the subject matter of an action under Federal Rule of Civil Procedure 12(b)(1). Faced with a Rule 12(b)(1) motion, a party seeking to establish diversity jurisdiction bears the burden of proving the existence of such jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a "facial" attack, the challenger accepts as true the plaintiff's allegations but "asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a

"factual" attack, the challenger "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite*, 749 F.3d at 1121. "In such circumstances, a court may examine extrinsic evidence without converting the motion to one for summary judgment, and there is no presumption of the truthfulness of the Plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. Moreover, the plaintiff "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite*, 749 F.3d at 1121.

## DISCUSSION

There are two requirements for the proper exercise of this Court's diversity jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (citing 28 U.S.C. § 1332(a)(1)). The first requirement is "complete diversity" of the parties, meaning that "no plaintiff can be a citizen of the same state as any of the defendants." *Majestic Ins. Co. v. Allianz Intern. Ins. Co.*, 133 F.Supp.2d 1218 (1220) (N.D. Cal. 2001) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). The second requirement is that the amount in controversy exceeds $75,000. *Naffe*, 789 F.3d at 1039.

At issue in this case is the first requirement—complete diversity. Plaintiffs allege that there is complete diversity in this case because Plaintiff Lerdo is a Delaware corporation, Defendant Goose Pond is a Florida Corporation, and Defendant HNRG is a Massachusetts corporation. Compl. ¶ 2. However, HNRG asserts that it is a Delaware corporation, and that this case therefore lacks complete diversity amongst the parties. Doc. 9, at 3. This argument is echoed in Goose Pond's brief. Doc. 13, at 2. In support of its Motion, the HNRG Defendants have included the sworn declaration of Donna H. Frankel, General Counsel of HNRG, averring that HNRG is a corporation incorporated in Delaware, and is registered with the Delaware Department of State, Division of Corporations, under file number 2460438. Doc. 10 ¶ 3. Attached to the Ms. Frankel's declaration is a true and correct copy of the Delaware Secretary of State's certification that HNRG is duly incorporated under the laws of the state of Delaware, which states, in relevant part:

> I, Jeffrey W. Bullock, Secretary of State of the State of Delaware, do hereby certify "Hancock Natural Resources Group, Inc." is duly incorporated under the laws of the state of Delaware and is in good standing and has a legal corporate existence so far as the records of this office show, as of the twenty-eighth day of December, A.D. 2015.

1 Doc. 10, Ex. A. Goose Pond likewise included copies of Ms. Frankel's declaration and HNRG's

2 Delaware certification with its Motion. Doc. 14. Accordingly, the Motions are a factual attack, as

3 they "rel[y] on extrinsic evidence and [do] not assert lack of subject matter jurisdiction solely on

4 the basis of the pleadings," and the Court may review this extrinsic evidence to determine whether

5 it has jurisdiction, without converting the motion into one for summary judgment. *See Safe Air for*

6 *Everyone*, 373 F.3d at 1039.

7 Although the complete diversity requirement—that no plaintiff may be from the same state

8 as any defendant— is not explicitly mandated in either the Constitution, or the diversity jurisdiction

9 statute, it has long been upheld by the Supreme Court. *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*,

10 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same States as

11 a single defendant deprives the district court of original diversity jurisdiction over the entire

12 action."). Under the diversity jurisdiction statute, "a corporation shall be deemed to be a citizen of

13 any State by which it has been incorporated <u>and</u> of the State where it has its principal place of

14 business." 28 U.S.C. § 1332(c)(1)(emphasis added). Here, the HNRG Defendants have proffered

15 extrinsic evidence that HNRG is a Delaware corporation. Doc. 10, Ex A. Thus, Plaintiffs must now

16 "furnish affidavits or other evidence necessary to satisfy [their] burden of establishing subject

17 matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)

18 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). However, as noted above,

19 Plaintiffs have failed to do so, as they did not file any opposition and have not provided any

20 evidence that could show that HNRG is not a citizen of Delaware. *See* Local Rule 230(c)

21 ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served

22 not less than fourteen (14) days preceding the noticed (or continued) hearing date."). Plaintiff's

23 Complaint merely alleges that HNRG is incorporated in Massachusetts, without setting forth any

24 basis for this allegation. Compl. ¶ 2. Plaintiffs' unsupported allegation, which the Court need not

25 presume as truthful, is contradicted by HNRG's evidence, which demonstrates that HNRG is

26 incorporated in Delaware, and is therefore a citizen of Delaware for purposes of diversity

27 jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039. Plaintiff has offered no other grounds for

28 the Court's subject matter jurisdiction over this case. *See* Compl. Based on the evidence before it,

the Court concludes that because Plaintiff Lerdo and Defendant HNRG are both citizens of Delaware, this case lacks complete diversity, and dismissal of the complaint is appropriate. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil*, 545 U.S. at 553. Moreover, amendment of the Complaint would be futile, as Plaintiffs' allegations against HNRG, the non-diverse Defendant, form a substantial component of the Complaint. *See Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Therefore, the Court finds that the Complaint should be dismissed with prejudice, without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) (a district court may deny leave to amend if it "determines that the pleading could not possibly be cured by the allegation of other facts").

## CONCLUSION AND ORDER

The Court has determined, *supra*, that Plaintiffs have not met the requirements for the proper exercise of diversity jurisdiction. Accordingly, the Court will **GRANT** the HNRG Defendants' Motion to Dismiss (Doc. 8) and Goose Pond's Motion to Dismiss (Doc. 13). Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** and the Clerk of the Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **March 3, 2016**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE