UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHILLON SINGH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HANCOCK NATURAL RESOURCES GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01435 LJO JLT<br><br>ORDER TO PLATINIFFS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILING TO APPEAR AT THE MID-DISCOVERY STATUS CONFERENCE |

On July 25, 2016, the Court held the mandatory scheduling conference. (Doc. 34) Neither the plaintiffs nor their counsel, Mr. Jorgensen, appeared. Id. In response to the Court's order to show cause (Doc. 38), Mr. Jorgensen reported that he inadvertently failed to calendar the scheduling conference. (Doc. 39)

On November 15, 2016, the Court held the mid-discovery status conference. Once again, neither Mr. Jorgensen nor the plaintiffs appeared. Opposing counsel informed the Court that Mr. Jorgensen had experienced a medical emergency several weeks ago. However, it was unknown whether the medical emergency continued. Counsel had telephoned his office before the conference and there was no answer. The Court has consulted the State Bar of California's website.[1] It reports

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

1

that as of November 11, 2016, Mr. Jorgensen is not eligible to practice due to "Discipline w/actual suspension."

Notably, on November 3, 2016, Mr. Jorgensen reported to the defendants' counsel that he would obtain new representation for the plaintiffs. (Doc. 44 at 4) However, no new counsel has appeared.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. In light of Mr. Jorgensen's[2] ineligibility to practice law in this state, the Clerk of the Court is **DIRECTED** to remove him as counsel of record for this case;

2. **No later than November 30, 2016**, replacement counsel for Kern Lerdo Nuts, Inc **SHALL** appear in this action (L.R. 183(a)) or **SHALL** show cause in writing why the action should not be dismissed as to it[3];

3. **No later than November 30, 2016**, replacement counsel for Randeep S. Dhillon aka Dr. Dillon R. Singh **SHALL** appear in this action, he SHALL file a statement indicating he will represent himself in this action or he SHALL show cause in writing why sanctions, up to and including dismissal of the action as to him, should not be imposed;

4. **No later than November 30, 2016**, Randeep S. Dhillon aka Dr. Dillon R. Singh and Kern Lerdo Nuts, Inc. SHALL show cause in writing why sanctions, up to and including dismissal of the action, should not be imposed for their failure to appear at the mid-discovery status conference.

IT IS SO ORDERED.

Dated:   **November 16, 2016**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

---

(9th Cir. 1993). The record of the State bar of California is a source whose accuracy cannot reasonably be questioned, and the Court takes judicial notice of the information related to Mr. Jorgensen's eligibility to practice law.

[2] If Mr. Jorgensen contends that he *is* eligible to practice law, **no later than November 30, 2016,** he **SHALL** file a declaration and other admissible evidence, as appropriate, demonstrating this fact.

[3] A corporation may appear in this action **only** through counsel.

2